UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RANDALL C. SMITH,<br>Petitioner,<br>v.<br>KING COUNTY SUPERIOR COURT ELECTRONIC HOME MONITORING,<br>Respondent. | CASE NO. 2:26-CV-1141-BHS-DWC<br>REPORT AND RECOMMENDATION<br>Noting Date: **July 23, 2026** |

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Randall C. Smith, proceeding *pro se* and *in forma pauperis*, filed a federal habeas petition under 28 U.S.C. § 2241. Dkts. 8, 9. The Court has reviewed the Petition and concludes it is inappropriate for the Court to intervene in this case and the Petitioner's claims are unexhausted. Therefore, the Court recommends the Petition be dismissed without prejudice and this case be closed.

## I. Background

On March 27, 2026, Petitioner initiated this federal habeas action under 28 U.S.C. § 2241. Dkt. 1. Petitioner, a pre-trial detainee subject to electronic home monitoring in King

County, alleges his detention pursuant to an ongoing state court prosecution is unlawful because he has been denied effective assistance of counsel during the prosecution. Dkt. 9. Petitioner contends his attorney has "refused to file any motions" challenging his detention and arrest, which Petitioner believes were unlawful. *Id.* at 2–11. Petitioner states he appealed the Superior Court's denial of his request to remove counsel to the Washington State Court of Appeals. *Id.* at 6. He requests that the state charges against him be dismissed. *Id.* at 11.

On May 5, 2026, the Court reviewed the Petition and concluded Petitioner's claims for federal habeas relief were barred based on the *Younger* abstention doctrine and his failure to exhaust his state court remedies. Dkt. 7. The Court directed Petitioner to show cause on or before June 4, 2026, why this action should not be dismissed. *Id.* Petitioner has not filed an Amended Petition or otherwise responded to the Court's Order. *See* docket.

## II. Discussion

### A. *Younger* Abstention

Upon review, the Court concludes that federal adjudication of the Petition is barred by the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37, 43–54 (1971). Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Federal courts, however, do not invoke the *Younger* abstention doctrine if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make

abstention inappropriate." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

All of the *Younger* criteria are satisfied here. First, Petitioner is a pre-trial detainee with ongoing state proceedings. Second, as these proceedings involve a criminal prosecution, they implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *Younger*, 401 U.S. at 43–44. Third, Petitioner has failed to allege facts showing he has been denied an adequate opportunity to address the alleged constitutional violations in his state court proceedings. Fourth, Petitioner expressly requests an order enjoining or dismissing his state court proceedings. Dkt. 9 at 11; *see also* Dkt. 5 at 5.

Finally, Petitioner has not shown bad faith, harassment, or some other extraordinary circumstance making federal abstention inappropriate in his case. The evidence submitted by Petitioner does not establish extraordinary circumstances of bad faith or harassment that would qualify for the narrow exception to *Younger*. *See Perez v. Ledesma*, 401 U.S. 82, 85 (1971) ("[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate.").

Under the circumstances presented in this case, federal intervention with Petitioner's pending state criminal proceedings would be inappropriate under the *Younger* abstention doctrine. Therefore, the Court finds the Petition should be dismissed.

B. Exhaustion

The Petition is also deficient because Petitioner has failed to show exhaustion of available state court remedies. *See* Dkt. 9. "[A] state prisoner must normally exhaust available

state judicial remedies before a federal court will entertain his Petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner's claim will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Although there is no exhaustion requirement mandated by 28 U.S.C. § 2241(c)(3), the Ninth Circuit Court of Appeals has held exhaustion is necessary as a matter of comity unless special circumstances warrant federal intervention prior to a state criminal trial. *Carden v. State of Mont.*, 626 F.2d 82, 83–84 (9th Cir. 1980); *see also Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489–92 (1973) (holding that pretrial detainee in state custody must exhaust available state court remedies for federal court to consider detainee's constitutional claims).

Here, Petitioner fails to show that he exhausted his state court remedies by presenting his claims for a *complete* round of review in the Washington state courts. Petitioner's Motion for Discretionary Review with the Washington State Court of Appeals appears to still be pending. *See* Dkt. 9 at 6; *see also* Dkt. 5-1 at 17–27, 58–61, 91–101. He has made no showing that the state appellate courts are not capable of fairly considering an appeal, nor has he shown why state appellate remedies would be inadequate to address any constitutional errors made in connection with the trial court proceedings. Petitioner has not shown special circumstances warranting federal intervention in this case before it is presented to the state appellate courts. Therefore, the Court finds the Petition should be dismissed for failure to properly exhaust.

**III. Certificate of Appealability**

A state prisoner who is proceeding under § 2241 must obtain a Certificate of Appealability ("COA") under § 2253(c)(1)(A) to challenge process issued by a state court. *Wilson v. Belleque*, 554 F.3d 816, 825 (9th Cir. 2009). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El. v. Cockrell*, 537 U.S. 322, 327 (2003).

No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or would conclude the issues presented in the Petition should proceed further. Therefore, the Court concludes Petitioner is not entitled to a COA with respect to the Petition. If Petitioner believes the Court should issue a COA, he should set forth his reasons in his objections to this Report and Recommendation.

**IV. Conclusion**

For the foregoing reasons, the Court recommends the Petition (Dkt. 9) be dismissed without prejudice. The Court also recommends a COA not be issued. As Petitioner has not exhausted available state remedies, the Court finds an appeal would not be taken in good faith and, thus, recommends denying any request to proceed *in forma pauperis* on appeal.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's

motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 23, 2026**.

Dated this 2nd day of July, 2026.

David W. Christel
United States Magistrate Judge